FILED

NOV 17 2008

J. T. NOBLIN, CLERK
BY_____ DEPUTY

United States District Court
Southern District Of Mississippi
Jackson Division

Roosevelt Walker,

     Petitioner,

     vs.

United States Of America,

     Respondent.

**Criminal Case No**
**3:03-CR-30-2**

Civil No._____

### Motion To Vacate, Set Aside, Or Correct Sentence, Pursuant To Title 28, U.S.C., Subsection 2255.

Comes now, Roosevelt Walker, pro se, who shall hereinafter be referred to as Petitioner, and respectfully submit this Motion pursuant to the provisions of 28, U.S.C., Subsection 2255, moving this Court to grant the relief thats being sought herein.

In support of this motion Petitioner will show, that the issues being raised herein, are non-frivolous, and can be legally and factually verified, with a candid and scrutinizing review of the case record, and thos Exhibits attached hereto.

Petitioner will further show, through the Memorandum of Law being relied upon,that:

     "He has been denied certain basic constitutional
     rights thats been extended to him under the Fifth,
     Sixth, and Fourteenth Amendment to the United States

1

Constitution ..... rights, that not only
guarantees due process of law, but Equal
Protection of the Law .... thats extended
to defendants, who have been called-upon
to defend themselves against criminal
charges alleged in a Federal Indictment
..... that, Petitioner is legally-entitled
to the relief he now seeks, surrounding
those blatant violations' of his constitu-
tional rights, that deprived him of a fair
trial."

### Jurisdiction

This Court is vested with the jurisdictional authority to enter-
tain the issues thats presented in this motion, pursuant to the provis-
ions set forth in Title 28, U.S.C., Subsection 2255, in that:

"Petitioner is a federal prisoner, currently
in the custody of the United States Attorney
General, serving a term of imprisonment, having
been committed thereto by the United States
District Court, for the Southern District of
Mississippi, Jackson Division, upon an Order
issued by the Honorable Henry T. Wingate,
United States District Court Judge, following
a conviction and subsequent sentencing for
violations of the laws of the United States.

That, Petitioner now asserts, that his con-
viction and custody therefrom, is in total
violation of the United States Constitution
and the Laws of the United States of America.

### Factual Background

On October 7, 2003, a Federal Grand Jury, sitting in the Southern

District Court of Mississippi, Jackson Division . . . . returned a "True Bill" to a Third Superseding Indictment, that set forth **Eight (8) Counts** . . . . alleging that Petitioner and three (3) co-defendants, had violated a variety of Subsections as to Title 18, United States Code.

Petitioner was charged in Count-1, of the Third Superseding Indictment, which alleged that:

> "Petitioner, acting in concert with **Kathleen Nelson** and **Levon Edmond**, did conspire, with each other, and persons known and unknown to the grand jury, to kill **Clovis Reed**, with the intent to prevent her attendance or testimony at the trial of the defendants, **Nelson** and **Edmond**, in **Cause Number 3:03-CR-30-WS**, that was pending in the United States District Court, for the Southern District of Mississippi .... in violation of **Title 18, U.S.C., Subsections 1512 (A)(1)(A), and 1512(A)(3)**."

Petitioner was arrested in the Eastern District of Arakansas, on October 8, 2003, predicated upon an arrest warrant that was issued that same date, surrounding the Third Superseding Indictment.

Petitioner was subsequently returned to Mississippi, after waiving extradition.

On October 14, 2003, Petitioner appeared before Magistrate Judge James C. Summer, for arraignment . . . . plead not guilty and was Ordered held without bond.

Mr. Charles W. Wright, Jr., was appointed to represent Petitioner at trial, which was set for January 12, 2004, with a jury.

On November 5, 2003, a Death Penalty Proceeding was conducted, in which Mr. Darren J. LaMarca, was appointed to assist Mr. Wright.

On December 22, 2003, the Court granted a continuance sought by the defense, and reset the trial date to March 22, 2004.

On February 24, 2004, a motion submitted by Attorney for Lavon Edmond . . . . to continue the deadline for filing non-dispostive motions, was joined-in by Attorney for Petitioner.

On February 25, 2004, Judge Wingate held a Status Conference, granting the continuance and requiring the parties to submit an agreed Order that all defendants waive a speedy trial until determination of Lavon's evaluations, and death penalty determination . . . . parties agree to later trial date beyond March 2004.

On September 16, 2004, the Court conducted a Status Conference, in which defence attorneys waived the presence of their clients . . . . wherein, the government informed the Court, that they were awaiting

4

a response from the Office Of The Attorney General in D.C. (Washington), as to whether the case would be proceeding as a Death Penalty Action . . . . the Court granted the government's motion for a continuance.

On December 14, 2004, a Status Conference was held, in which the court was informed that the Administrative Justice Department in Washington, D.C., had decided that the case will proceed as a non-death penalty case.

On December 15, 2004, trial with a jury was set by the court, for May 16, 2005.

On February 14, 2005, Counsels for Petitioner submitted several motions, including, a Motion To Sever Parties and Offenses.

On May 18, 2005, a Status Conference was held, wherein, counsels were informed that, trial would begin following a criminal trial that was already in progress.

On May 31, 2005, government made oral motion, followed by Memorandum in Support, to reduce the number of defense attorneys.

On June 8, 2005, government submitted motion requesting extension of time, in which to respond to defense motions filed on February 14, 2005.

On July 21, 2005, the court issued an Order granting the governments' motion for continuance.

On August 24, 2005, the court set October 3, 2005, as the new trial date.

On September 14, 2005, a Status Conference was held, in which all parties joined in the oral motion for continuance of trial . . . . with counsels waiving the right of their clients, to a speedy trial. Trial was reset for the January term of 2006.

On November 7, 2005, trial was set for January 9, 2006.

On January 4, 2006, trial was reset to January 17, 2006, upon a motion for continuance submitted on behalf of Levon Edmond.

On January 13, 2006, Status Conference was held, as to Petitioner and Kathleen Nelson, wherein, government agrees to turn over statements by co-defendants Wiggins and Edmond . . . . trial to go forward as scheduled on January 17, 2006.

Following disposition of some pre-trial motions by the court, trial begin on January 17, 2006, and concluded on February 4, 2006, with the jury finding Petitioner guilty of **Count-One** of the superseding indictment.

Sentencing was held on April 13, 2006, in which Petitioner was

sentenced to Life in prison, as to Count-One.

A timely Notice of Appeal was filed on behalf of Petitioner, on April 18, 2006 . . . . an appeal was filed in the Fifth Circuit Court of Appeals, which was subsequently denied by a three-judge panel of that court on **July 24, 2007.**

A petition for Writ Of Certiorari was submitted to the United States Supreme Court, which was filed on September 27, 2007, and place on the Court's docket on October 1, 2007.

Certiorari was denied on November 7, 2007.

Petitioner asserts that none of the issues presented in this motion, submitted pursuant to the provisions of 28, U.S.C., Subsection 2255, has ever been raised in any prior collateral proceeding, surrounding this case.

### Issues Presented

(1)    Violation of Petitioner's Speedy Trial Rights.

(2)    Prosecutorial Misconduct Surrounding The Unethical Tactics
       Employed By The Prosecution Team To Obtain An Illegal
       Conviction Of Petitioner.

(3)    Ineffective Assistance Of Counsel.

**Issue #-One:**


**Violation Of Petitioner's Speedy Trial Rights.**

The Speedy Trial Act of 1974, 18, U.S.C., Subsection 3161-3174 . . .
requires a federal criminal defendant to be brought to trial within
**70-days** after the defendant has been charged, or made an initial appear-
ance.

However, the Act contains a detailed scheme, under which certain
periods of delay are not counted towards the 70-days speedy trial
clock.


Petitioner asserts, that he was not brought to trial within the
70-days deadline, as required under the statutory dictates of 18, United
States Code, Subsection 3161 (C)(1), which was in violation of Petition-
er's right to a speedy trial.


**Factual Basis,**
**Memorandum Of Law**
**And**
**Arguments In Support.**

The record surrounding Petitioner's case, reflects that, on October
7, 2003, a federal grand jury returned a "True Bill" to a Third Superse-
ding Indictment that alleged Eight (8) Criminal Counts, against Petitio-
ner and two (2) alleged co-defendants, charging violations of a variety
of subsections under Title 18, United States Code.


Petitioner was specifically charged in Count-One, with conspiracy

8

to violate 18, U.S.C., Subsections 1512 (A)(1)(A), and 1512 (A)(3).

On October 14, 2003, Petitioner made his initial appearance before Magistrate Judge James C. Summer, for arraignment, wherein he plead not guilty.

On October 17, 2003, trial was set for January 12, 2004.

On November 5, 2003, a death penalty proceeding was held as to Petitioner . . . . wherein, Mr. Charles W. Wright, Jr., was appointed to represent Petitioner . . . . Mr. Darren J. LaMarca, was also appointed to assist Mr. Wright, in representing Petitioner.

On December 22, 2003, defense counsel's motion for continuance was granted by the court, with date of trial being re-set for March 22, 2004 . . . . the government joined in the motion to continue.

On February 26, 2004, the court grants continuance . . . . wants all parties to submit an agreed Order that all defendants waive a speedy trial until determination of defendant Edmond's Mental evaluation and the death penalty determination . . . . parties agreed to a later trial date beyond March 2004.

On September 23, 2004, during Status Conference, which counsels waived presence of their clients, court informed, that the Attorney General's Office in Washington, D.C., has not made decision, as to

9

whether the case will proceed as a death penalty case.

Court granted government's motion for continuance.

On December 15, 2004, jury trial was set for May 16, 2005.

On December 17, 2004, the court was informed that Administrative Justice Department, in Washington, D.C., has decided that the case will proceed as a non-death penalty case.

On June 8, 2005, government filed motion for extension of time.

On July 22, 2005, the court issued an Order continuing the trial.

On August 24, 2005, jury was re-set for October 3, 2005.

On September 14, 2005, during a Status Conference, all parties joined in oral motion for continuance of trial.

Further, all defense counsels on behalf of their clients, waive Speedy Trial Act. Trial to be held in January 2006 criminal term.

On November 7, 2005, trial set for January 9, 2006, with jury.

On January 4, 2006, trial was re-set from January 9th, to the 17th, 2006.

Trial begun on January 17, 2006, and concluded on February 4, 2006

. . . . with the jury finding Petitioner guilty of Count-One, as charged in the indictment.

Sentencing took place on April 13, 2006, wherein, the court imposed a sentence of Life upon Petitioner, followed by 5-years Supervised Release.

A timely Notice of Appeal was filed, with appeal being subsequent-ly submitted to the Fifth Circuit Court of Appeals on November 2, 2006 . . . . which was denied on July 24, 2007.

### Argument

Petitioner asserts that the district court, in granting continuanc, es, that extended his trial over a two-years period, beyond the 70-days speedy trial deadline requirement of 18, U.S.C., Subsection 3161 (h)(8), violated Petitioner's right to a speedy trial, pursuant to the Speedy Trial Act of 1974.

Title 18, United States Code, Subsection 3161, provides that:

> "The district court is authorized to grant
> a continuance and exclude the resulting delay .... if
> the court after considering certain factors, make on
> the record findings .... that the ends of justice is
> served, by granting the continuance .... which, out-
> weighed the public's and defendant's interests, in
> a speedy trial."

11

This subsection directs the trial court to make an expressed finding, on the record, as to why the defendant's trial did not commence within the 70-days requirement deadline of the Speedy Trial Act.

A candid examination of 18, U.S.C., Subsection 3161 et seq., reveals that:

> "there is very limited, or no room, for legal misinterpretation of the statutory dictates, that points out the directives, to be followed, by the district court ..... to ensure that a defendant's rights to a speedy trial are legally protected ..... and that, any deviations from those directives, that are contrary to the designed protection of a defendant's rights to a speedy trial .... are totally in violation of the Speedy Trial Act."

In <u>Zedner vs. United States,</u> 126 S.Ct. 1976, 1985 (2006), a case upon which Petitioner relies . . . . the Supreme Court granted certiorari, to address three very pertinent questions, that were continuing to contribute towards the split within the federal circuit courts of appeals:

> "(1)  Whether a blanket prospective waiver was legally effective ....
>
> (2)  Whether a Petitioner is judicially estopped from challenging the validity of his waiver .... and
>
> (3)  Whether the trial judge's failure to make the required findings, to exclude a period of delay under a particular provision of the Act, 18, U.S.C., Subsection 3161 (h)(8) was harmless error?"

Petitioner submits his argument, in light of the <u>Zedner</u> ruling,:

> "Focussing primarily upon the Court's ruling,
> surrounding a trial judge's failure to make an
> expressed finding, pursuant to 18, U.S.C., Sub-
> section 3161 (h)(8), as to why the trial of
> Petitioner did not commence in 70-days."

The <u>Zedner</u> Court, pointed-out with legal clarity, that:

> "The Speedy Trial Act of 1974, comprehensive
> regulates the time, within which a federal criminal
> trial must begin .... wherein, the defendant has
> entered a not guilty plea."

18, U.S.C., Subsection 3161 (C)(1) provides that:

> "The Speedy Trial Act requires a federal
> criminal trial to begin within 70-days after a
> defendant is charged or makes an initial appear-
> ance."

A candid examination of the procedural history facts surrounding
Petitioner's case, will implicitly show that:

> "Petitioner was indicted on October 7, 2003,
> made his initial appearance before Magistrate
> Judge Summer for arraignment on October 14, 2003,
> and entered a not-guilty plea .... wherein, on
> October 17, 2003, trial was set for January 12,
> 2004 .... trial actually commenced on January 17,
> 2006, over two-years after Petitioner's arraignment."

13

A quick calculation of the time that Petitioner spent in custody, before being taken to trial, following his arraignment, tallies-up to:

> "two-years, eleven-months, and three-days, which, was well beyond the 70-days speedy trial requirement of the Speedy Trial Act."

In calculating the periods of time that elapsed, surrounding the continuances that were granted by the district court, clearly reveals that:

> "Either one of those continuances, that were utilized to delay Petitioner's trial beyond the 70-days deadline of the Speedy Trial Act, was in violation of the statutory mandate set forth in 18, U.S.C., Subsection 3161 (h)(8)."

However, the most compelling factor, to be taken into account, surrounding Petitioner's claim, that his speedy trial rights had been violated, is:

> "The trial judge's failure to give an on-the-record finding, that the ends of justice balance, was served, by granting the continuances of Appellant's trial .... that outweighed the public's interests or the Petitioner's right to a speedy trial."

The Court in Zedner, pointed to the "statutory directives" surrounding Subsection 3161 (C)(1) which was in compliance with the Speedy Trial Act . . . . stating that:

14

"The Speedy Trial Act, generally required a
federal criminal defendant to be brought to trial
within 70-days after the defendant is charged or
made an initial appearance.

However, 18, U.S.C., Subsection 3161(h), allows
certain periods of delay to be excluded from the
speedy trial clock.

In particular, 18, U.S.C., Subsection 3161(h)(8),
permitted a Federal District Court to grant a con-
tinuance, and to exclude the resulting delay, if
the court, after considering certain factors, made
on-the record findings, that the ends of justice
served by granting the continuance, outweighed the
public's and defendant's interests in a speedy trial."

A dilligent search of the case record, including, the docket
entry sheet . . . . does not reflect an on-the-record finding, "written
or verbal" . . . . surrounding the ends of justice balance, which
was required to be made by the district court, before granting a con-
tinuance that delays the trial of a defendant . . . . which, will
extend the 70-days deadline of the Speedy Trial Act . . . . as mandated
under 18, U.S.C., Subsection 3161 (h)(8)(A).

Petitioner further asserts and argues, that:

"Beginning with the first significant continuance,
that was granted by the district court on December 22,
2003, and concluding with the last significant contin-
uance, that was granted on July 22, 2005 .... the dis-
trict court failed to set forth, on the record, orally
or written .... factual findings, that the ends of
justice was being served, by granting the continuances

15

> .... which outweighed the public's and
> the defendant's interests, in a speedy
> trial."

Without the on-the-record findings, which the district court
was required to make . . . . there could be no excluded days, attributed
to the speedy trial clock, under 18, U.S.C., Subsection 3161 (h)(8).

Failure of the trial judge in Petitioner's case, to have set
forth on the record, orally or written, findings, justifying the delay
in commencing Petitioner's trial within the 70-days deadline of the
Speedy Trial Act . . . . . was a "procedural oversight" by the district
court . . . .<u>cannot</u> be classified as an harmless error.

Therefore, the
167-days, surrounding the district court's "final long term delay"
of Petitioner's trial . . . . which begin with the granting of the
continuance on July 22, 2005, and extended to the commencement of
the trial, that got underway on January 17, 2006 . . . . were 167-
days, that were not excluded from Petitioner's speedy trial clock . . .
which, contributed to the violation of the Speedy Trial Act's 70-days
deadline, thats set-out in Subsection 3161 (C)(1), thus, violating
Petitioner's right to a speedy trial.

<u>Zedner</u>, which was decided on June 6, 2006, roughly 83-days follow-
ing Petitioner's sentencing, but, one-year, 1-month, and 18-days,
prior to his conviction being affirmed on appeal, by the Fifth Circuit
Court of Appeals.

16

Petitioner cites this calculation, because, in presenting this speedy trial violation issue, under the collateral attack vehicle of 28, U.S.C., Subsection 2255 . . . . he is aware of the requirement under Subsection 3162 (A)(2), that:

> "A defendant submit a motion for
> dismissal of the indictment, prior to trial."

Petitioner, readily admit, that, no motion for dismissal was filed on his behalf, by trial counsel, in conjunction with 18, U.S.C., Subsection 3162 (A)(2) . . . . was a clear violation of Petitioner's Sixth Amendment Right, to effective assistance of counsel, as set forth in <u>Strickland vs. Washington,</u> 466 U.S. 668 (1984).

Failure of counsel to file a timely motion under Subsection 3162 (A)(2), to dismiss the indictment, based upon speedy trial violations . . . . caused an "implied interpretation" to be formulated, that: Petitioner had waived his right, to have the indictment dismissed.

The Supreme Court, in <u>Wainwright vs. Sykes,</u> 433 U.S. 72 (1977) at 87, stated that:

> "the court has recognized an equitable
> exception to the procedural bar, when a
> habeas applicant can demonstrate cause and
> perjudice for the procedural default."

Ineffective Assistance of Counsel, when substantiated, is grounds to excuse, or justify a procedural default.

17

(See: <u>Murray vs. Carrier,</u> 477 U.S. 496 (1986)(quoting <u>Reed vs. Ross,</u> 468 U.S. 1, 9, (1984)).

If such a motion for dismissal had been filed, the district court, would've been required to tally the unexcluded days.

Thus, this in turn, would've required the court to identify the excludable days.

However, Subsection 3161 (h)(8)(A), is explicit, stating that:

> "No period of delay resulting from a continuance granted by the court in accordance with this paragraph, shall be excludable .... unless the court sets forth .... its reasons for (its) findings."

Thus, without on-the-record findings, there can be no exclusion under Subsection 3161 (h)(8).

The language spelled-out in <u>Zedner</u>, is very clear, surrounding the Court's interpretation of the Speedy Trial Act . . . . as directed under 18, U.S.C., Subsections 3161-3174.

Focussing upon that fact, Petitioner doesn't feel that a long drawnout argument surrounding <u>Strickland vs. Washington,</u> 466 U.S. 668 (1984), is necessary, to establish the ineffectiveness of trial counsel, in not raising the violation of Petitioner's speedy trial rights . . . . an argument, that this court has possibly evaluated in hundreds of

cases, brought under Subsection 2255.

Petitioner, simply refer this court's attention to the case record, including, the docket entry sheet . . . . that, unequivocally reflects, that:

> "Mr. Charles W. Wright, Jr., nor, Mr.
> Darren J. LaMarca, both court appointed
> attorneys who represented Petitioner at
> trial .... never submitted a motion
> seeking dismissal of the indictment,
> due to violations of Petitioner's speedy
> trial rights."

A trial attorney is entrusted with the legal responsibility of protecting "every right" that is legally available to his client . . . . and his failure to protect any right taht affects the client's right to a fair trial . . . . can not be interpreted as:

> "An effective waiver of that right, by the client."

Based upon the factual evidence presented, coupled with the Memorandum of Law . . . . Petitioner has set forth more than sufficient proof that he was denied his right to a speedy trial in violation of the Speedy Trial Act of 1974, in conjunction with 18, U.S.C., Subsection 6131-6174.

Wherefore, this court is vested with the judicial power to grant the relief being sought, pursuant to 28, U.S.C., Subsection 2255.

Petitioner has raised two (2) other issues in this motion, Prosecutorial Misconduct and Ineffective Assistance of Counsel but, because the filing deadline is at hand . . . . Petitioner respectfully request additional time in which to perfect and present those issues.

### Conclusion

Petitioner has set forth sufficient evidence that warrants this court to grant this Motion and Vacate Petitioner's conviction and sentence.

For this Petitioner pray.


Respectfully submitted,

Roosevelt Walker
Reg.#, 23120-009
Petitioner-pro se
United States Penitentiary
Coleman #1
P.O. Box 1023
Coleman, Florida 33521


This 7th day of November, 2008.


20

## Certificate Of Service

I, Roosevelt Walker, certify that a true copy of this Motion To Vacate Sentence pursuant to 28, U.S.C., Subsection 2255, was mailed, postage pre-paid to:

**Mr. Harold Brittain**
**Assistant United States Attorney**
**188 E. captitol Street**
**Suite 506**
**Jackson, Mississippi 39201**

on this 7th day of November, 2008.

Roosevelt Walker

21

United States District Court
Southern District Of Mississippi
Jackson Division

Roosevelt Walker,
                    Petitioner,

        vs.

United States Of America,

                    Respondent.

Criminal Case No.
3:03-CR-30-2

Civil No. 3:02c-705752-JCS



NOV 17 2008

J. T. NOBLIN, CLERK

BY _____ DEPUTY

**Affidavit Of Thomas J. Epps
Reg.# 97011-131 Verifying The
Preparation And Mailing Of This
Motion For Petitioner Roosevelt Walker**

    Comes now, Thomas J. Epps, #97011-131 and state under the penalty
of perjury, that:

        "due to Roosevelt Walker's inability to prepare
        this motion pursuant to 28, U.S.C., Subsection 2255
        .... I assisted him in doing so to protect the one-
        year filing deadline."

    Walker has been transferred to the location thats noted as his
return (new) address, which is:

**Roosevelt Walker
Reg.#, 23120-009
Petitioner-pro se
United States Penitentiary
Coleman #1
PO Box 1023
Coleman, Florida 33521**

                    Thomas J. Epps

                    *Thomas J Epps*